UNITED STATES of America,
Plaintiff-Appellee,

v.

Ernest McNEAL, Jr., Defendant-
Appellant.

No. 73-1358.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 9, 1973.

Decided Dec. 27, 1973.

Milton R. Henry, Detroit, Mich., on brief, for defendant-appellant.

Lee Jones, Detroit, Mich., for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., William C. Ibershof, Asst. U. S. Atty., Chief-Crim. Div., Detroit, Mich., on brief.

Before WEICK, EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

This is the appeal from conviction on three counts of an indictment charging one purchase and two sales of heroin, in violation of 26 U.S.C. §§ 4704(a) and 4705(a) (1970). Appellant was sentenced to concurrent terms of ten years on the purchase count and fifteen years on the two counts pertaining to sale of heroin.

On appeal defendant-appellant's principal attack is directed at claimed error in the District Judge's refusal to quash the indictment because of asserted variances from the provisions of the Jury Selection Act of 1968, 28 U.S.C. § 1861 et seq. (1970). Appellant claims that the voter registration list employed for the jury wheel from which the grand jury in question was chosen was not the list of persons registered to vote in the most recent state or federal general election, that the list had not been procured from the Election Commission of the City of Detroit, as provided for by the Jury Plan, and that a person who was not a federal employee, namely the sister of the jury clerk, had allegedly worked on the selection of the names to go into the jury wheel.

On disputed but persuasive evidence, the District Court found that the voter lists which were employed were 1967 lists. The court also held that the "most recent" election within the meaning of 28 U.S.C. § 1869(c) was that of November 8, 1966. We find no error of fact or law on this issue.

As to the source of the voter list, it appears that the jury clerk procured an official list of registered Detroit voters from the Recorder's Court of the City of Detroit rather than from the Election Commission. While this seems somewhat inappropriate to us, it does not violate the language of 28 U.S.C. § 1869(c), since the lists used were "official records" which had been supplied to Recorder's Court by the "local

election officials" within the meaning of 28 U.S.C. § 1869(c).

As to the sister of the jury clerk, there is no evidence that she played any role in choosing names for the jury wheel, nor is there any hint of misconduct on her part.

 28 U.S.C. § 1867(d) (1970) provides the standard for challenging compliance with selection procedures. We find (as did the District Judge) that there was no "substantial failure to comply with the provisions" of the act.

We have read the instances of limitation of cross-examination complained of by appellant concerning his trial and we do not find that any relevant questions were excluded.

Nor do we find any substance to the claim that the government withheld or destroyed evidence arguably material and which "might have led the jury to entertain a reasonable doubt about [defendant's] guilt." *See* United States v. Bryant, 142 U.S.App.D.C. 132, 439 F.2d 642 (1971).

The judgment of the District Court is affirmed.